IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAPHAEL DEON HOLIDAY, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:11-cv-01696 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| *Respondent*. | § | |

## PETITIONER'S MOTION FOR AUTHORIZATION
## OF AN ARSON CONSULTING EXPERT

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW PETITIONER, RAPHAEL DEON HOLIDAY, by and through his attorneys of record, and respectfully asks the Court to authorize hiring and paying for the services of an arson consulting expert, for education of counsel purposes. This request is presented pursuant to The USA Patriot Improvement and Reauthorization Act of 2005, 18 U.S.C. § 3599 (2008).

## DISCUSSION

The petitioner is Raphael Deon Holiday, 32, a Texas death row inmate, before the Court on a writ of habeas corpus from the 278th District Court of Madison County, Texas. Holiday moves this Court to approve the aggregate sum of **$6,000** for an arson consulting expert and investigator, and in support thereof, Holiday would respectfully show the court as follows:

*Petitioner's Motion for Authorization of an Arson Consulting Expert*
*Holiday v. Thaler, No. 4:10-mc-512*
*Page 1 of 6*

1. The purpose for retaining an arson consulting expert is solely to educate newly appointed appellate counsel on the science underlying ignition sources and pour patterns. Appointed appellate counsel is not familiar with the science behind arson.

2. The purpose is not to develop new evidence or evidentiary theories for the habeas writ presently before the Court.

3. As the purpose is solely educational for appointed appellate counsel, the hiring of an arson consulting expert does not present a *Pinholster* issue, 131 S. Ct. 1388 (April 4, 2011), and thus would not require an evidentiary hearing, or additional time and expense of the Court. Potential ignition sources and "pour patterns" were key constitutional due process evidentiary issues in the underlying state court trial and appeal, and the issues were preserved under the state habeas writ.

4. An experienced arson consultant would be asked to review reports and evidence presented at trial regarding the alleged sources of ignition and the evidence presented of pour patterns.  The arson consultant would also review key testimony of testifying experts.  The consultant would be asked to meet with appointed appellate counsel, and educate counsel on the science as related to the evidence presented at trial of Petitioner.

5. The consultant will assist counsel, specifically, with (1) understanding the deficiencies in the trial testimony offered by the State's expert; (2) understanding the habeas affidavit testimony of Petitioner's habeas arson expert; (3) evaluating the scientific opinions of Petitioner's habeas arson expert and assessing the merits of such opinion and testimony to assure validity; (4) evaluating and explaining the significance of the contradiction between the State's arson expert's positions in peer reviewed publications and the expert's opinions presented at trial; (5) reviewing

*Petitioner's Motion for Authorization of an Arson Consulting Expert*
*Holiday v. Thaler, No. 4:10-mc-512*
*Page 2 of 6*

drafts of the scientific arguments in the amended petition; and any other assistance toward assisting counsel toward presenting its amended petition on behalf of Petitioner.   The documents sent to the expert include excerpted portions of the transcripts of trial testimony of the state's arson expert; excerpted portions of testimony of other witnesses of the underlying incident; habeas affidavit testimony of Petitioner's habeas arson expert; and, scientific publications of the state's arson expert.

6. Understanding the scientific theories presented at trial by the State, and contrary evidence presented on behalf of the Petitioner at trial and in Petitioner's habeas claims, will aid counsel in drafting its arguments on behalf of Petitioner. The arguments related to the science underlying the arson investigation are key issues of Petitioner's habeas petition before this Court.

7. Meeting with an experienced arson consultant to become educated on the science underlying the constitutional evidentiary issues underlying Petitioner's claims on habeas is essential for appellate counsel to adequately and competently represent Petitioner before this Court. Defendant has a due process right and an equal protection right to receive this assistance. *See Ake v. Oklahoma*, 470 U.S. 68 (1985).   "[W]hen a state brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense."   470 U.S. at 76.

8. Consequently, it is necessary to ask the Court to authorize an arson consulting expert. The expert will not be developing new evidentiary theories.   The expert will only be needed for reviewing evidence presented at trial, and related reports and documentation.

9. Holiday proposes Mr. John J. Lentini, CFEI, F-ABC, of SCIENTIFIC FIRE ANALYSIS, LLC. He is a Certified Forensic Investigator, and holds certifications from both the International

*Petitioner's Motion for Authorization of an Arson Consulting Expert*
*Holiday v. Thaler, No. 4:10-mc-512*
*Page 3 of 6*

Association of Arson Investigators (IAAI) and the National Association of Fire Investigators (NAFI). He has extensive training, education, publications, and forensic experience.  S*ee* CV attached as Attachment "A".

10. Mr. Lentinni has provided a letter stating that he is willing to review the testimony and reports, and to meet with counsel for a day.   He estimates twenty (20) hours of work. His billing rate is $300 per hour, for a total cost of **$6,000.**   His fees are customary in the profession of arson forensics and investigation. On information and belief, counsel knows this to be a fair rate for arson consulting services of his experience and qualifications.

11. Holiday hastens to add that if the Court only sees fit to authorize a lesser amount, his counsel will ask the expert to make the most with what he can be paid.

## CONCLUSION

For the foregoing reasons, Holiday asks the Court to authorize up to $6,000 for fees for arson consulting expert John J. Lentini of SCIENTIFIC FIRE ANALYSIS, LLC, of Florida.   He asks the Court to certify this expert and these costs as reasonable and necessary to the Fifth Circuit Chief Judge.   Holiday also requests all other relief required by law or equity.

Respectfully submitted this 17th day of October 2011,

*/s/ James W. Volberding*

_____

**JAMES W. VOLBERDING**
SBN: 00786313

Plaza Tower
110 North College Avenue
Suite 1850
Tyler, Texas 75702

*Petitioner's Motion for Authorization of an Arson Consulting Expert*
*Holiday v. Thaler, No. 4:10-mc-512*
*Page 4 of 6*

(903) 597-6622 (Office)
(903) 597-5522 (fax)
*e-mail: volberding@attglobal.net*

*/s/ Seth Kretzer*

_____
**SETH H. KRETZER**
SBN: 24043764

Law Offices of Seth Kretzer
Two Post Oak Central
1980 Post Oak Blvd., Suite 1900
Houston, TX 77056-3877

DIRECT: 713/775-3050
FAX: 713/623-0329
seth@kretzerfirm.com

Appointed Counsel for Raphael Deon Holiday

## CERTIFICATE OF CONFERENCE

I certify that on October 10, I contacted Assistant Attorney General Ellen Stewart-Klein, who is opposed to the relief requested herein.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading has been delivered this 17th day of October 2011 to:

Ms. Ellen Stewart-Klein
Office of the Attorney General                    *Counsel for the Respondent*
Capital Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 936-1600 (voice)
(512) 320-8132 (fax)

*Petitioner's Motion for Authorization of an Arson Consulting Expert*
*Holiday v. Thaler, No. 4:10-mc-512*
*Page 5 of 6*

by the following means:

| | |
|---|---|
| _____ | By U.S. Postal Service Certified Mail, R.R.R. |
| _____ | By First Class U.S. Mail |
| _____ | By Special Courier _____ |
| _____ | By Hand Delivery |
| _____ | By Fax <u>before</u> 5 p.m., |
| _____ | By Fax <u>after</u> 5 p.m. |
| \_X\_\_\_ | By email before 5 p.m. |

*/s/ Seth Kretzer*

_____

**SETH H. KRETZER**

*Petitioner's Motion for Authorization of an Arson Consulting Expert*
*Holiday v. Thaler, No. 4:10-mc-512*
*Page 6 of 6*